IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 MAY 12 PM 1:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 12 2004

| | | |
|---|---|---|
| WALTER BLAIR, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 04-J-0060-J |
| | ) | |
| ADAM HADDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the court are the following motions: (1) Town of Oakman's ("Oakman") motions to dismiss (doc. 16); (2) City of Dora's ("Dora") motion to dismiss (doc. 17); (3) City of Cordova's ("Cordova") motion to dismiss (doc. 18); (4) City of Carbon Hill's ("Carbon Hill") motion to dismiss (doc. 19); (5) City of Sumiton's ("Sumiton") motion to dismiss (doc. 22); and (6) Walker County, John Mark Tirey ("Tirey"), Adam Hadder ("Hadder"), Wes Brown ("Brown"), Paul Kilgore ("Kilgore") and Bruce Hamrick's ("Hamrick") motion to dismiss (doc. 33). The court converted Oakman, Dora, Cordova, Carbon Hill, and Sumiton's motions to dismiss to motions for summary judgment. The court has reviewed the motions and the parties' other submissions. Based upon this review, the court is of the opinion that: (1) Oakman, Dora, Cordova, Carbon Hill, and Sumiton's motions are due to be granted; and (2)

Walker County, Tirey, Hadder, Brown, Kilgore and Hamrick's motion to dismiss is due to be granted in part and denied in part.

## I. Background

At approximately 12:30 a.m. on January 11, 2002, plaintiff returned to his home located on Hill Road in Sipsey, Alabama after working the night shift at Jim Walters' Mine. (Complaint, ¶ 20.) Upon arriving home, plaintiff saw one of his neighbors, Vonne Miller ("Miller"), pass by followed by a police vehicle. (Complaint, ¶ 21.) Plaintiff began walking in the direction he saw the vehicles travel and saw activity on his aunt's front porch. (Complaint, ¶¶ 22-23.) Plaintiff walked over to his aunt's porch and inquired as to what was going on. (Complaint, ¶ 24.) He was told that the police were chasing Miller and then plaintiff turned to return home. (Complaint, ¶¶ 24-25.)

As plaintiff left his aunt's yard, defendant Hadder came from behind the house and began chasing plaintiff. (Complaint, ¶¶ 26-27.) Hadder overtook plaintiff and handcuffed him while screaming at him. (Complaint, ¶¶ 27-30.) Hadder began questioning plaintiff about the location of a "white girl" and plaintiff responded that he did not know about any "white girl." (Complaint, ¶¶ 32-35.) Defendant Brown walked to where Hadder and plaintiff were and Hadder told plaintiff he was free to go. (Complaint, ¶¶ 36-37.) Brown began taking the handcuffs off plaintiff when Hadder again attacked plaintiff and forced him to the ground accusing plaintiff of having

something in his mouth. (Complaint, ¶ 38.) Brown and Hadder both beat plaintiff. (Complaint, ¶ 39.) Hadder then chocked plaintiff and threatened him. (Complaint, ¶ 40.) Brown and Hadder handcuffed plaintiff again, continued beating him, and maced him. (Complaint, ¶¶ 41-43.) Brown and Hadder then placed plaintiff beside Miller who was also handcuffed. (Complaint, ¶ 49.) Hadder removed some pills from Miller's pocket and told plaintiff the pills were plaintiff's. (Complaint, ¶¶ 50-51.) Hadder and Brown then took plaintiff to the Walker County Jail and charged him with possession of a controlled substance and resisting arrest. (Complaint, ¶ 59.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving

party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

By contrast, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is due to be granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). And, when making that determination, the court must view the allegations contained in the complaint in the light most favorable to the nonmovant. *Sofarelli v. Pinellas County*,

931 F.2d 718, 721 (11th Cir. 1991).

### III. Legal Analysis

In his complaint, plaintiff makes the following claims: (1) violations of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights; (2) unconstitutionally negligent supervision of N.E.T. employees; and (3) state law claims of assault, battery, and multiple forms of negligence.

### A. Summary Judgment Motions

In their respective motions, Oakman, Dora, Cordova, Carbon Hill, and Sumiton all argue that plaintiff cannot state a claim against them since they were not participating in the N.E.T. program at the time of the incident alleged by plaintiff.[1] Plaintiff concedes that if these municipalities were not members of the N.E.T. at the time of the incident, then they are due to be dismissed. (Plaintiff's Opposition, at 14.) Each of these defendants have submitted evidence indicating that these defendants stopped participating in the N.E.T. program prior to the time of the incident alleged in plaintiff's

---

[1] The Walker County Sheriff's Department, City of Jasper Police Department, City of Oakman Police Department, City of Dora Police Department, City of Carbon Hill Police Department, City of Cordova Police Department, City of Sumiton Police Department, Walker County District Attorneys Office, and City of Sipsey Police Department entered into an agreement in 1992 to work in conjunction to enforce the controlled substance laws of the State of Alabama via a drug enforcement task force, the Narcotics Enforcement Team ("N.E.T."). (Ex. 1 to Plaintiff's Opposition.) If these municipality defendants have not withdrawn from the N.E.T., they may be liable as the "real parties in interest" behind the N.E.T. *See Silberberg v. Lynberg*, 186 F. Supp. 2d 157, 170 n.11 (D. Conn. 2002).

complaint.[2] Absent any evidence to show that these defendants had not withdrawn from participation in the N.E.T. program, their motions for summary judgment are due to be granted.[3]

### B. Motion to Dismiss

Walker County, Tirey, Hadder, Brown, Kilgore and Hamrick move to dismiss all of plaintiff's claims against them.

### 1. Violation of Plaintiff's Fifth Amendment Rights

These defendants assert that plaintiff's Fifth Amendment claims are due to be dismissed. Plaintiff abandons any such claims by not addressing this argument in his opposition to the motion.[4] Thus, any Fifth Amendment claims are due to be dismissed. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003);

---

[2] The Mayor of the Town of Oakman testified that, in 2002, the Town of Oakman did not participate in the N.E.T. program. (Corry Aff., doc 23.) The Chief of Police and the City Clerk of the City of Sumiton testified that, in 2002, the City of Sumiton did not participate in the N.E.T. program. (Kirkpatrick Aff., doc. 25; Glover Aff., doc. 30.) The City Clerk for the City of Carbon Hill testified that, in 2002, the City of Carbon Hill did not participate in the N.E.T. program. (Haley Aff., doc. 26.) The City Clerk and Chief of Police for the City of Cordova testified that, in 2002, the City of Cordova did not participate in the N.E.T. program. (Stover Aff., doc. 27; Whorton Aff., docs. 31 & 35.) The Mayor of the City of Dora and a Sergeant of the Dora Police Department testified that, in 2002 the City of Dora did not participate in the N.E.T. program. (Sides Aff., doc. 28; Robinson Aff., doc. 29.)

[3] Pursuant to the court's request, the parties informed the court that discovery on this issue is ongoing. Thus, the court will allow plaintiff to refile his claims against these defendants if further discovery reveals evidence that these municipalities were participating in the N.E.T. at the time of the alleged incident.

[4] It is not clear that plaintiff even intended to assert any claims of Fifth Amendment violations.

*see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001).

### 2. Violation of Plaintiff's Eighth Amendment Rights

Defendants assert that plaintiff's Eighth Amendment claims are due to be dismissed because the alleged misconduct occurred prior to the plaintiff's criminal adjudication. Plaintiff fails to address this argument in his opposition and, thus, has presumably abandoned any such claims. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001). Moreover, plaintiff does not allege that he was convicted and the Eleventh Circuit has stated that "[t]he proscription against cruel and unusual punishment applies only after a criminal conviction." *Raspberry v. Johnson*, 88 F. Supp. 2d 1319, 1328 (M.D. Ala. 2000) (quoting *Gilmere v. City of Atlanta*, 737 F.2d 894, 905 (11th Cir. 1984)). Thus, all Eighth Amendment claims are due to be dismissed.

### 3. Violation of Plaintiff's Fourteenth Amendment Rights

Defendants assert that plaintiff's Fourteenth Amendment claims are due to be dismissed. The court agrees. Plaintiff's claims are better classified as Fourth Amendment violations. *See Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Tinney v. Shores*, 77 F.3d 378, 381-82 (11th Cir. 1996). Thus, all Fourteenth Amendment claims are due to be dismissed.

### 4. Defendants Tirey, Kilgore, Hadder and Brown

*a. Official Capacity Claims*

Tirey, Kilgore, Hadder and Brown are all sued in their official capacities as N.E.T. employees.[5] Because N.E.T. is not an independent entity capable of being sued, none of plaintiff's claims against these defendants sued in their official capacities as N.E.T. employees can survive defendants' motion to dismiss. *See Silberberg v. Lynberg*, 186 F. Supp. 2d 157, 170 n.11 (D. Conn. 2002)("[T]he formation of an interlocal agreement does not create an independent legal entity capable of being sued."); *Timberlake v. Benton,* 786 F. Supp. 676, 682-84 (M.D. Tenn. 1992) (holding drug task force "is not a distinct entity open to suit").

In addition, the court notes that the plaintiff does not dispute that Tirey was at all relevant times the Sheriff of Walker County.  Therefore, Tirey is entitled to Eleventh Amendment immunity against plaintiff's section 1983 claims, *see Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir. 1997), and sovereign immunity against plaintiff's state law claims, *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996)("Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state.").

---

[5] Defendant argues that plaintiff's claims against these defendants fail because of Eleventh Amendment immunity.  However, it is unclear whether Kilgore, Hadder and Brown were in fact employees of the Walker County Sheriff's Department at the time of the alleged incident and the court refrains from making such assumptions at this stage of the proceedings.

*See also Sanders v. Miller*, 837 F. Supp. 1106, 1111 (N.D. Ala. 1992)("Because an award of damages against an Alabama sheriff would come from the state treasury, the eleventh amendment bars an award of damages against sheriffs or deputy sheriffs in their official capacities."). Thus, Tirey's immunity bars plaintiff's claims against him.

### b. Individual Capacity Claims

Hadder and Brown are also sued in their individual capacities. While qualified immunity may protect a public official from suit in his individual capacity, plaintiff's section 1983 claims against Hadder and Brown are not barred by qualified immunity at this stage of the proceedings.

> Under qualified immunity analysis, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place.
>
> ....
>
> Once the public official has established that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity does not apply. To determine if the plaintiff has met [his] burden, we apply the Supreme Court's two-part test for evaluating a claim of qualified immunity: (1) "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" and (2) if a constitutional right would have been violated under plaintiff's version of the facts, the court must then determine "whether the right was clearly established."

*Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003)(citations omitted); *see Vaughan v. Cox*, 343 F.3d 1323, 1329 (11th Cir. 2003). Plaintiff's allegations are

9

sufficient to meet the Supreme Court's two-part test. The facts alleged show a violation of plaintiff's Fourth Amendment rights and under plaintiff's version of the facts his rights were clearly established. Thus, defendants' motion to dismiss plaintiff's section 1983 claims against Hadder and Brown in their individual capacities is due to be denied.

Sovereign immunity does not protect Hadder and Brown in their individual capacities against plaintiff's state law claims at this stage of the proceedings either. It is unclear whether or not Hadder and Brown were employees of the Walker County Sheriff's Department at the time of the alleged incident. Therefore, defendants' motion to dismiss plaintiff's state law claims against Hadder and Brown in their individual capacities is due to be denied.

### 6. Defendant Walker County

Because he does not rely on a respondeat superior theory of liability, plaintiff's allegations of supervisory liability against Walker County are sufficient to survive this motion to dismiss. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."). Plaintiff alleges that Hadder and Brown acted pursuant to the customs or practice of the N.E.T. (of which Walker County is a member), (Complaint, ¶ 61), and that Walker County as a matter of

custom and practice contributed to the constitutional violations alleged, (Complaint, ¶¶ 66-67). Thus, plaintiff has sufficiently alleged a claim against Walker County and its motion to dismiss plaintiff's section 1983 claims against it is due to be denied. *See Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978) ("local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels").

In addition, Walker County is not protected by sovereign immunity. *See Cook v. County of St. Clair*, 384 So. 2d 1, 5 (Ala. 1980) ("We hold that [Ala. Code] s 11-1-2 allows suits against counties, and their governing bodies the county commissions and commissioners in their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction."). Therefore, Walker County's motion to dismiss plaintiff's state law claims against it is due to be denied as well.

### 7. Defendant Hamrick

Plaintiff sues defendant Hamrick in his official capacity as Chairman of the Executive Board and authorizing official for the Walker County Narcotics Enforcement Team and Chairman of the Walker County Commission.[6] Plaintiff's claims against

---

[6] Because plaintiff does not assert any claims against Hamrick in his individual capacity, defendants' arguments regarding absolute legislative immunity and/or discretionary function immunity are moot.

Hamrick in his official capacity are essentially claims against the Walker County Commission.[7] *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). Plaintiff's claims against Hamrick in his official capacity are redundant because Walker County is also named as a defendant. *See Johnson v. Waters*, 970 F. Supp. 991, 1005 (M.D. Ala. 1997) (dismissing county, county commission and county commission members as redundant defendants where county probate judge was sued in his official capacity); *see also Waters v. Baldwin County*, 936 F. Supp. 860, 861-862 (S.D. Ala. 1996) (holding supervisors sued in official capacity properly dismissed as redundant defendants where employer was also named as a defendant). Thus, plaintiff's claims against Hamrick are due to be dismissed.

## IV. Conclusion

Based upon the foregoing, defendants Oakman, Dora, Cordova, Carbon Hill, and Sumiton's motions for summary judgment (docs. 16, 17, 18, 19, 22) are **GRANTED**. Plaintiff's claims against these defendants shall be **DISMISSED WITHOUT PREJUDICE** by separate order. Defendants Walker County, Tirey, Hadder, Brown, Kilgore and Hamrick's motion to dismiss (doc. 33) is **GRANTED IN PART and**

---

[7] Hamrick is the Chairman of the Walker County Commission and by virtue of such position serves on the Executive Board of the N.E.T. *See* N.E.T. Agreement, attached as Ex. 1 to Plaintiff's Opposition ("The Executive Board shall consist of the ... Chairman of the Walker County Commission ...."). Therefore, Hamrick's official capacity with regard to the N.E.T. cannot be separated from his official capacity as Chairman of the Walker County Commission.

**DENIED IN PART**. The following claims by plaintiff shall be **DISMISSED WITH PREJUDICE** by separate order: (1) Fifth, Eighth and Fourteenth Amendment claims against these defendants; (2) claims against Tirey and Kilgore; (3) claims against Hadder and Brown in their official capacities; (4) claims against Hamrick.

**DONE** and **ORDERED** this the /2 day of May, 2004.

                                                Inge P. Johnson
                                                United States District Judge